IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,521-01






EX PARTE WAYNE MARC JACKSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B16050-0505 IN THE 242ND DISTRICT COURT


FROM HALE COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of
marihuana and sentenced to two years' imprisonment. 

 Applicant contends that he is entitled to an out-of-time appeal, because counsel sent notice
of appeal, but the clerk of the trial court never received the notice. The trial court, however, made
no findings of fact. We believe the trial court should make such findings.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may provide
counsel with the opportunity to respond to Applicant's claim. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on
its personal recollection. Id.

 Applicant appears to be represented by counsel. If he is not and if the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel timely sent notice of appeal
and, if so, whether such notice was received by the clerk of the trial court. See generally Ex parte
Riley, 193 S.W.3d 900 (Tex. Crim. App. 2006). The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 2, 2008

Do not publish